## Case No. 9,069.

### The MARGARET.

[6 Wkly. Notes Cas. 304; 26 Pittsb. Leg. J. 86.]

District Court, E. D. Pennsylvania. May 3, 1878.

COLLISION—STEAMER AND SAILING VESSEL—LIGHTS—HALF DAMAGES.

Torch to be exhibited by sailing vessel upon approach of steamer. A steamer seeing but one light of a sailing vessel until too late to avoid a collision, *held*, under the evidence, responsible. Half damages.

Libel for collision, by Pickering, master of the schooner Margaret, against the steamship Catharine Whiting. Upon the night of November 2, 1877, the steamer Catharine Whiting was proceeding up the river Delaware in mid-channel, nearly opposite Salem creek, under steam, at the rate of about six miles per hour, with proper lights, and a good and sufficient lookout. The tide was about flood, and the wind blowing up the river. The schooner Margaret, a small vessel, was beating down and tacking, and at the moment of collision was heading S. S. W. and was struck on the port side and sank. She had proper lights, but did not exhibit a lighted torch upon the approach of the steamer. The witnesses for the steamer testified that they saw nothing but the green light of the schooner until immediately before the collision, when both lights suddenly appeared; that the green light appeared upon their starboard bow, and their wheel was then starboarded; that when both lights appeared their wheel was put hard-a-starboard and the engine reversed, but, the schooner being then under the steamer's bows, the collision was inevitable.

On the part of the schooner there was testimony that at the time of the collision she was on her western or port tack; that the captain, his son, and steward had gone below, but the captain had come on deck before the collision; that they had proper lights (red and green), and a man in the bow as a lookout. This man, however, was attending to the sails, and there was evidence that he was not forward and did not report the steamer to the man at the wheel. No one on the schooner saw the steamer until the two vessels were very close—almost twenty or thirty yards off—and then saw only the bright light and heard two whistles. The captain of the schooner testified as to the course of his vessel, and that it was impossible that the steamer could not have seen the red light much sooner. It was rather a stormy night, and the schooner made no effort to exhibit a lighted torch.

J. Warren Coulston, for the schooner.

The direction of the wind compelled the schooner to tack as she did, and the steamer is in fault for not keeping out of the way. It is impossible, in view of the course of the schooner, that the red light was not visible long enough before the collision to have prevented it, had it been seen. As to the torch,

inasmuch as the failure to exhibit it did not contribute to the collision, the schooner was not guilty of contributory negligence. The Tonawanda [Case No. 14,092].

M. P. Henry, for respondent steamer.

The testimony proves conclusively that the schooner did not exhibit a lighted torch, and is therefore in fault, and that the steamer had a good and sufficient lookout, and did not see the red light of the schooner until it was impossible to avoid the collision. The schooner must therefore have changed her course when immediately in front of the steamer, and is therefore responsible. The Wenona [Case No. 17,411].

THE COURT (CADWALADER, District Judge,) held both vessels to be in fault; the schooner for not exhibiting a lighted torch, and the steamer for not seeing sooner the red light, its failure in that respect not being sufficiently explained. Decree entered in favor of the schooner for half damages with costs.

[NOTE. The following June. Judge Cadwalader granted a motion for a reargument, under which libelant took further testimony touching the allegation of fault in his vessel. The cause was reargued September 24, 1880, before Judge Butler, and a decree entered against the respondent for the damages sustained, with costs. 3 Fed. 870.]